<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ROLAND JOSUE, | : | CIV. NO. 20-6979 (RMB) |
|  | : |  |
| Petitioner | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| WARDEN DAVID ORTIZ, | : |  |
|  | : |  |
| Respondent | : |  |

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Roland Josue's motion for reconsideration (Dkt. No. 7). For the reasons discussed below, the Court will transfer this matter to Petitioner's sentencing court.

I.  BACKGROUND

Petitioner, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on June 8, 2020, which this Court construed as a petition seeking release from prison under the CARES Act. (Pet., Dkt. No. 1; Order, Dkt. No. 2.) Respondent filed an answer to the Petition on June 24, 2020, opposing habeas relief. (Answer, Dkt. No. 4.) The Court dismissed the petition without prejudice for failure to exhaust administrative remedies. (Opinion, Dkt. No. 5; Order, Dkt. No. 6.) On April 14, 2021, Petitioner filed a motion for reconsideration,

seeking compassionate release because he now has COVID-19 and other medical issues and was denied a vaccine. (Mot. for Reconsideration, Dkt. No. 7.)

II. DISCUSSION

Petitioner acknowledges that he was sentenced in federal court in Florida, and that his sentencing court denied his motion for compassionate release and was affirmed by the Eleventh Circuit Court of Appeals. (Mot. for Reconsideration, Dkt. No. 7); see also United States v. Josue, 09cr20543-JEM (S.D. Fla.) Petitioner, however, alleges that circumstances have changed and now warrant his release. (Id.) This Court lacks jurisdiction to grant compassionate release to Petitioner. 18 U.S.C. § 3582(c)(1)(A)(i) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction[.]

Only the sentencing court may grant a defendant's motion to reduce the term of imprisonment pursuant to this section. See United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court.") Therefore, this Court will transfer Petitioner's motion for reconsideration to his sentencing court for consideration under 18 U.S.C. § 3582(c)(1)(A)(i).

III. CONCLUSION

Petitioner's motion for reconsideration is in actuality a motion for reduction in sentence based on extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A)(i), over which this Court lacks jurisdiction. The Court will transfer the motion to Petitioner's sentencing court.

An appropriate Order follows.

Date: **April 15, 2021**

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**